# In the United States Court of Federal Claims

| | | |
|---|---|---|
| GEORGE W. HALL, Plaintiff, v. THE UNITED STATES, Defendant. | * | No. 05-517C Judge Susan G. Braden |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's December 1, 2006 Order, the parties hereby file the Joint Preliminary Status Report.

### A. Jurisdiction

Plaintiff believes that the Court has jurisdiction over his breach of settlement agreement claims against the United States.

For the reasons stated in its first partial motion to dismiss filed on July 5, 2005, which was granted in part and denied in part by the Court on October 31, 2005, the defendant does not believe that the Court possesses jurisdiction to entertain this action. With respect to those loans and other requests for assistance that are the subject of the Complaint, plaintiff has received all that he was qualified to receive under the applicable regulations. Because this Court only has jurisdiction to hear claims for money that is presently due and payable, United States v. King, 395 U.S. 1, 3 (1969), the Court lacks jurisdiction to hear these claims since no further monies are owed to plaintiff.

**B. Consolidation**

Plaintiff may refile the counts that the Court dismissed without prejudice in its October 31, 2006 Memorandum Opinion and Order. If the refiling occurs, then Plaintiff would seek consolidation of the two matters.

Defendant opposes any attempt by plaintiff to end-run the Court's October 31, 2006 Opinion and Order by refiling such claims in a separate Complaint and thereafter attempting to consolidate such claims here. As the Court has already ruled, those claims are precluded by 28 U.S.C. § 1500. Alternatively, as already set forth in our partial motion to dismiss, those claims are barred by principles of *res judicata* (or collateral estoppel).

**C. Bifurcation**

The parties agree that the trial of liability and damages should not be bifurcated.

**D. Consideration of Other Cases**

The parties agree that the Court should not defer proceedings in this matter pending consideration of other cases before this Court or any other tribunal.

**E. Remand or Suspension**

Neither party will seek a remand or suspension in the present matter.

**F. Additional Parties**

Neither party will seek joinder of other parties.

**G. Dispositive Motions**

Plaintiff may file a Rule 56 motion on liability at or near the close of fact discovery. The United States also anticipates filing a motion for summary judgment.

**H. Relevant Factual and Legal Issues**

**Plaintiff's Position:** Under the terms of the Settlement Agreement, Defendant was to provide Plaintiff with "priority financial and technical assistance for those USDA programs for which [Plaintiff] qualifies[.]" Plaintiff alleges that on at least four occasions Defendant did not provide Plaintiff with such assistance for which he qualified: 1) May 4, 1999 Application for Operating Loan; 2) September 21, 1999 Application for Non-Insured Crop Disaster Assistance Program; 3) February 23, 2001 Application for Emergency Loan; and 4) March 14, 2001 Application for 2000 Crop Disaster Program. Plaintiff also alleges that Defendant's lack of assistance was the direct and proximate cause of damages suffered to his farming operations.

**Defendant's Response**: Defendant has fully complied with the terms of the Settlement Agreement. In accordance with the terms of that Agreement, defendant provided plaintiff with appropriate and timely technical assistance, and provided plaintiff with all of the assistance which he was qualified to receive under the then-applicable regulations. To the extent plaintiff failed to file a timely, complete loan application for the Emergency Loan that is the subject of Count III of the Complaint, plaintiff is responsible for that failure, not defendant. Lastly, defendant denies that its conduct caused any harm to plaintiff. To the extent plaintiff seeks specific performance as a remedy, moreover, the Court is without subject-matter jurisdiction to provide such relief. Kanemoto v. Reno, 41 F.3d 641, 645 (Fed. Cir. 1994).

**I. Settlement**

The parties have previously mediated the dispute *via* the Eleventh Circuit Court of Appeals mediation process to no avail. However, Plaintiff is open to further attempts to settle the matter through the ADR process.

The United States is always willing to engage in meaningful settlement discussions. To the extent that ADR process is used, such a process should only be established either at the end of the discovery period or after dispositive motions are filed.

**J. Trial**

Neither party requests an expedited trial schedule.

**K. Electronic Case Management Needs**

Neither party has any special issues regarding ECM needs.

**L. Other Information**

Plaintiff notes that the Eleventh Circuit Court of Appeals recently ruled in a related case, Hall v. Johanns, No. 06-11431 (11th Cir. Nov. 29, 2006), which was attached to the November 30, 2006 Joint Motion for Extension of Time. Accordingly, Plaintiff may refile the counts that were dismissed without prejudice in the Court's October 31, 2006 Memorandum Opinion and Order. Plaintiff is not aware at this time of other information that should be brought to the Court's attention.

As discussed above, defendant opposes the refiling of the counts that have already been dismissed.

**M. Proposed Trial Schedule**

| | |
|---|---|
| Disclosure of Experts – | March 22, 2007 |
| Close of Fact Discovery – | April 5, 2007 |
| Expert Reports Due – | May 21, 2007 |
| Expert Discovery Closes – | June 21, 2007 |
| Deadline for Dispositive Motions – | July 21, 2007 |
| Submission of Joint Comprehensive Statement of Facts – | October 1, 2007 |
| Submission of Witness Lists – | October 1, 2007 |
| Submission of Exhibit Lists – | October 1, 2007 |
| Objections to Witness Lists and Exhibit Lists – | October 15, 2007 |
| ~~Pretrial Conference –~~ | ~~October 23, 2007~~ |
| Trial (Two – Three Days) | October 23-25, 2007 in Tuscaloosa, AL |

Respectfully submitted,

CHRISTOPHER DANLEY
Bradley Arant
1133 Connecticut Ave., N.W.
12th Floor
Washington, D.C. 20036
Telephone: (202) 719-8230
Facsimile: (202) 347-1684
cdanley@bradleyarant.com

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

MICHAEL SITCOV
Assistant Branch Director

PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6108
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov

Attorneys for Defendant

December 13, 2006